IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THEODORE C. LOCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-150 |
| | ) | |
| ASHLEY WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Valdosta State Prison in Valdosta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Ashley Wright, District Attorney; (2) Lynsey Hix, Public Defender, and, (3) the Honorable James Blanchard,

---

[1] Although he is currently incarcerated at Valdosta State Prison, as explained below, Plaintiff's complaint concerns events that allegedly occurred in Richmond County, Georgia.

Judge in the Superior Court of Richmond County. (Doc. no. 1, pp. 1, 3.) Plaintiff alleges that Defendants entered into a conspiracy to coerce Plaintiff into pleading guilty.² (See id. at 3-4.) Specifically, Plaintiff alleges that Judge Blanchard encouraged Defendant Wright to "procure[]" Defendant Hix to tell Plaintiff that if he did not plead guilty, he would die in jail, and that he did so because he "did not want to die," even though he is "not a common criminal." (See id. at 4, 6.) Plaintiff also appears to allege that he was not mentally competent to plead guilty because he was under the influence of drugs, medicine, or alcohol, and that he did not understand the proceedings at his change of plea hearing. (See id. at 4-7.) Plaintiff requests as relief that the Court "let justice prevail this time," and that the Court "renders justice, true justice." (Id. at 4, 7.)

## II. DISCUSSION

### A. Improper § 1983 Claim Based on Wrongful Imprisonment

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint fails to state a viable § 1983 claim against Defendants. Rather, Plaintiff's claims are barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim

---

²Public records maintained on the website for the City of Augusta, Georgia, indicate that Plaintiff pled guilty to murder, burglary, and terroristic threats and received a life sentence on June 30, 2011. See http://www.augustaga.gov/index.aspx?nid=421 (click "Yes I agree," then select "Criminal Search" and search case number "2011RCCR00450") (last visited January 8, 2013). The Court takes judicial notice of these facts. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings).

does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994). The Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Unsurprisingly, where "success on his conspiracy claim necessarily would impugn the validity of [plaintiff's] conviction," and such conviction has not been overturned, the claim will be barred by Heck. See Baker v. City of Hollywood, 391 F. App'x 819, 821 (11th Cir. 2010) (*per curiam*) (allegation that defendants conspired to falsify evidence, deny plaintiff effective assistance of counsel, testify falsely at trial, and "improperly prosecute[]" plaintiff were barred by Heck); see also Salas v. Pierce, 297 F. App'x 874, 876 (11th Cir.

3

2008) (*per curiam*) (district court properly found that "claim against the Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty" was barred by Heck because plaintiff failed to allege his sentence or conviction had been reversed). Similarly, a plaintiff's claim that his guilty plea was not entered into knowingly or voluntarily also goes "to the fundamental legality" of his conviction and is barred by Heck until Plaintiff shows his conviction has been invalidated. See Dozier v. Price, 2:08cv762-WHA, 2008 WL 4808857, at *4 (M.D. Ala. Oct. 31, 2008); see also Darrington v. Keahey, 07-0209-WS-M, 2008 WL 4155661, at *5 n.3 (S.D. Ala. Sept. 4, 2008) (noting that plaintiff's claim for "a guilty plea not voluntarily, knowingly, and intelligently entered" was "of the nature that a favorable ruling on [it] would have the effect of invalidating his conviction").

Here, Plaintiff contends that Defendants conspired to coerce his guilty plea, and that he did not enter into his guilty plea knowingly or voluntarily. Plaintiff has not, however, pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's complaint should be dismissed because he cannot prevail on a § 1983 claim of wrongful imprisonment.[3]

---

[3]The Court is aware the allegations against Defendant Hix concern his conduct as a public defender, and that, generally, "an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")). Notably,

4

**B. Claims for Damages Against Judge Blanchard and Defendant Wright Barred by Immunity**

Furthermore, to the extent his request for "justice" may be construed as a claim for money damages, Plaintiff also fails to state a claim against Judge Blanchard and Defendant Wright based on their respective immunities.[4]

Plaintiff's allegations against Judge Blanchard fail to state a claim for damages because, as a judge, he is entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, ___ U.S. ___, 132 S. Ct. 1497, 1503 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Blanchard was dealing with Plaintiff in a judicial capacity and whether the conduct

---

however, a public defender does act under color of state law for purposes of § 1983 when he engages in a conspiracy with state officials to deprive a person of his rights. See Tower v. Glover, 467 U.S. 914, 923-24 (1984); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per curiam*). Here, Plaintiff alleges that Defendant Hix entered into a conspiracy with state actors. However, because Plaintiff's conspiracy claim is barred by Heck, the Court need not determine whether Plaintiff has sufficiently alleged that Defendant Hix is subject to liability under § 1983.

[4]To the extent Plaintiff's claim for "justice" could be construed as a claim for equitable relief, the Court notes that such a claim is not barred against Judge Blanchard or Defendant Wright solely by virtue of judicial or prosecutorial immunity. See Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*) (explaining that judicial and prosecutorial immunity under § 1983 does not extend to claims for equitable relief). Such relief would still be inappropriate under § 1983 or otherwise barred by Heck, however, as discussed supra. See Part II. A.

alleged clearly fell outside his subject matter jurisdiction. See id. at 359-64.

As Plaintiff makes no allegation that Judge Blanchard acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Of note, judicial immunity extends to a judge's purported conspiracy with another party to violate a person's rights in his judicial capacity. See Dykes v. Hosemann, 776 F.2d 942, 945-46 (11th Cir. 1985) (*en banc*) (explaining that the mere allegation of a conspiracy with a party to the controversy underlying a judicial act does not strip a judge of immunity for claims relating to that act). Here, Plaintiff alleges that Judge Blanchard conspired with Defendants Hix and Wright to coerce Plaintiff's guilty plea, and then received Plaintiff's guilty plea. Thus, Plaintiff's allegations ultimately concern Judge Blanchard's conduct as the judge presiding over his criminal proceedings and the judicial act of accepting his guilty plea, notwithstanding the allegation of an underlying conspiracy. Therefore, Judge Blanchard is entitled to absolute immunity, and Plaintiff's allegations against him fail to state a claim for damages upon which relief may be granted.

Plaintiff also fails to state a claim for damages against Defendant Wright, as she too is entitled to immunity. Prosecutors are entitled to absolute immunity from claims for damages under § 1983 for "actions taken . . . in their role as advocates." Rehberg, 132 S. Ct. at 1503; Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate

for the government."). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera, 359 F.3d at 1353 (citation omitted); see also Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009))), *aff'd*, 132 S. Ct. at 1510.

Moreover, "calling a prosecutor's allegedly wrongful decision to prosecute a conspiracy does not strip the prosecutor of absolute immunity." See Elder v. Athens-Clarke Cnty., 54 F.3d 694, 695 (11th Cir. 1995) (finding that district court erred in holding that absolute immunity did not extend to allegations in complaint of conspiracy by prosecutor with plaintiff's jailers "to cover up their conduct by filing a diversionary prosecution"). Finally, prosecutorial immunity also extends to allegations of "a prosecutor's efforts to coerce a plaintiff's guilty plea." Hall v. Lockette, No. 1:05-CV-65 (WLS), 2005 WL 3693191, at *2 (M.D. Ga. Aug. 11, 2005); see also Doe v. Russotti, 503 F. Supp. 942, 945 (S.D.N.Y. 1980) (acts allegedly undertaken "to coerce plaintiff's guilty plea" fell into prosecutor's "role as an advocate and therefore trigger[ed] absolute immunity.").

Plaintiff alleges that Defendant Wright participated in a conspiracy with Defendant Hix and Judge Blanchard to coerce him into pleading guilty. Thus, all of Plaintiff's allegations against Defendant Wright concern conduct for which she is absolutely immune to suit for damages. Accordingly, Plaintiff fails to state a claim for damages upon which relief may be granted against Defendant Wright.

In sum, Plaintiff fails to state a viable § 1983 claim to the extent he seeks relief based on the impropriety of his conviction, which he has not shown to have been invalidated. Furthermore, Plaintiff fails to state a claim for damages against Judge Blanchard or Defendant Wright, as they are entitled to absolute immunity for the conduct alleged in Plaintiff's complaint.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of January, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE